NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVE SHANNON,<br><br>   Plaintiff,<br><br>v.<br><br>HOWMEDICA OSTEONICS CORPORATION,<br><br>   Defendant. | Civil Action No.: 09-4171 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

  This matter comes before the Court on Defendant Howmedica Osteonics Corporation's ("Howmedica") motion for dismissal of Count Four of Plaintiff Dave Shannon's Second Amended Complaint. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, Howmedica's motion is denied.

**I. BACKGROUND**

  Mr. Shannon alleges that a tibial insert manufactured and sold by Howmedica and inserted into his knee prematurely failed. On December 22, 2009, Howmedica moved to dismiss several counts of Mr. Shannon's Amended Complaint. The motion was granted in part and denied in part. Relevant to the present motion, this Court dismissed, without prejudice, one of Mr. Shannon's New Jersey Consumer Fraud Act ("CFA") claims, Count Four of the Amended Complaint. This Court held:

> Count VI, which is based on loss of the purchase price of the insert, fails to adequately plead an ascertainable loss [under the CFA]. However, because Mr. Shannon's Amended Complaint generally alleges that he has incurred medical and other expenses, it is unclear if Mr. Shannon incurred costs to replace the insert or incurred other out of pocket expenses that are *not covered by his PLA claims*.

Shannon v. Howmedica Osteonics Corp., No. 09-4171, 2010 U.S. Dist. LEXIS 8621, at *8-9 (D.N.J. Feb. 1, 2010) (emphasis in original). The Court granted leave to Mr. Shannon to correct the pleading deficiencies. Id., at *12.

On February 10, 2010, Mr. Shannon filed a Second Amended Complaint. Count Four represents the newly amended CFA claim. Count Four is almost identical to the previously dismissed Count Six, except that the following paragraph was changed as indicated by the italicized emphasis:

> Since HOWMEDICA advertised and promoted its polyethylene knee inserts as NOT being packaged, sterilized, or stored in air in violation of the [CFA], when in fact the product was packaged, sterilized and stored in air rendering it worthless for its intended purpose, when the product failed, Plaintiff expended a substantial sum of money he otherwise would not have expended to purchase *a replacement for the product and undergo surgery to implant the replacement product, in addition to the loss of income and other economic harm Plaintiff suffered due to Defendant's violation of the [CFA]*, which expenditure is an ascertainable loss of moneys or other property.

(Second Am. Compl. ¶ 46 (capitalization in original; italics emphasis added).) This language replaced the following language: "plaintiff expended a substantial sum of money he otherwise would not have expended to *purchase the product* which expenditure is an ascertainable loss under the [CFA]." (Am. Compl. ¶ 58 (emphasis added).) Howmedica presently moves to dismiss Count Four of the Second Amended Complaint, again claiming that this CFA claim is subsumed by New Jersey's Products Liability Act ("PLA").

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id.  However, a plaintiff is not required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted).

## III. DISCUSSION

As an initial matter, Howmedica no longer argues that Mr. Shannon has failed to plead an ascertainable loss under the CFA.  For the reasons set forth in the prior Opinion, this Court agrees that the Second Amended Complaint, which seeks replacement cost for the insert, pleads an ascertainable loss under the CFA.  Instead, Howmedica argues that Mr. Shannon's CFA claim is subsumed by the PLA.[1]  As noted in this Court's prior Opinion, the PLA is the exclusive remedy for claims based on harm caused by a product, including claims brought under the CFA. See Sinclair v. Merck & Co., Inc., 948 A.2d 587, 596 (N.J. 2008) ("[D]espite the broad reach we

---

[1] Howmedica "avers that Plaintiff's CFA claim fails even if the Court were to evaluate it on the merits," but further states that "such an evaluation is unnecessary because the CFA claim is subsumed by the PLA and must be dismissed." (Mem. of Law in Supp. of Def.'s Mot. to Dismiss Count Four of Pl.'s Second Am. Compl. with Prejudice [hereinafter "Howmedica Br."], at 7.) Because Howmedica has not argued dismissal on the merits of the CFA claim, apart from its PLA argument, the Court has not otherwise evaluated the merits of Mr. Shannon's CFA claim.

give to the CFA, the PLA is paramount when the underlying claim is one for harm caused by a product."). Under the PLA, "'[h]arm' means (a) physical damage to property, *other than to the product itself* . . . ." See N.J. Stat. Ann. § 2A:58C-1b(2) (emphasis added); see also Estate of Knoster v. For Motor Co., No. 01-3168, 2008 U.S. Dist. LEXIS 103342, *25 n.4 (D.N.J. Dec. 22, 2008) (holding that "economic damages for destruction of the product are not recoverable under the PLA" and echoing the Third Circuits' prior decision in the case, which reversed a prior dismissal of the CFA claim, that the "PLA [did] not subsume [the] plaintiffs' CFA claim").

Howmedica argues that the "essential nature of Plaintiff's CFA claim is a product liability action," and that the "damages that [he] seeks in his CFA claim are recoverable under the PLA." (Howmedica Br., at 7,10.)  As such, Howmedica argues that the PLA is Mr. Shannon's exclusive remedy for the damages sought in the CFA claim.  On the other hand, Mr. Shannon appears to argue that the same damages can be claimed under both the PLA and CFA.  This Court disagrees with Mr. Shannon; the case law is clear that harm covered by the PLA may not also be redressed through a claim under the CFA.  See Sinclair, 948 A.2d at 596.  But, this Court disagrees with Howmedica that Mr. Shannon's CFA claim as currently plead should be dismissed at this stage of the proceeding.

Howmedica cites to several cases for the proposition that where the essential nature of a claim is a products liability claim, all other claims are subsumed by the PLA claim.  See, e.g., id.; McDarby v. Merck & Co., Inc., 949 A.2d 223, 276-77 (N.J. Super. Ct. App. Div. 2008).  While this may generally be true, where there are damages being sought that are specifically excluded from coverage by the PLA, a separate claim for those damages may be sought.  Nothing in the cases cited by Howmedica is inconsistent with this proposition.  See Estate of Knoster, 2008 U.S.

Dist. LEXIS 103342, *25 n.4 (noting that the decisions in Sinclair and McDarby do not alter the Third Circuit's previous unpublished ruling in that case that the plaintiffs could separately bring a claim under the CFA for "economic damages for destruction of the product" itself).  In fact, the court in McDarby, in holding that the CFA claim in that case was subsumed by the PLA, found that the economic harm alleged in that case was "encompassed within the definition of harm set forth in the PLA."  949 A.2d at 278.  As repled, Mr. Shannon's CFA damage claim appears to be focused on harm to the product itself–damages not encompassed within the PLA's definition of harm.  In his CFA claim, Mr. Shannon seeks the cost of replacement of the insert itself and related expenditures.  However, as pointed out by Howmedica, he also appears to seek similar damages through his PLA claim.  If, after discovery, it is clear that all of the harm for which Mr. Shannon seeks redress is covered by his PLA claim, then Howmedica may move for summary judgment on the CFA claim.  But, at this time, the Court finds that dismissal of the CFA claim on the pleadings is not warranted. Therefore, Howmedica's motion to dismiss Count Four is denied.

### IV.   CONCLUSION

For the foregoing reasons, Howmedica's motion to dismiss Count Four is denied.  An appropriate Order accompanies this Opinion.

DATED: April 14, 2010                /s/ Jose L. Linares
                                                        JOSE L. LINARES
                                                        UNITED STATES DISTRICT JUDGE